Date signed February 21, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MARC EDWARD LUCAS | : | |
| DONNIE ALECIA LUCAS | : | Case No. 12-28270PM |
| Debtors | : | Chapter 7 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| VERNON O. WILLIAMS | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 13-00050PM |
| | : | |
| MARC EDWARD LUCAS | : | |
| DONNIE ALECIA LUCAS | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case was set for trial on February 13, 2014, on the Plaintiff's amended complaint filed August 19, 2013. Because the Defendants failed to file an answer to the amended complaint as ordered by this court on September 19, 2013, the court will decide this case on the pleadings as that order provided.

The amended complaint seeks a ruling that the debt owed by the Debtors in connection with a Single Family Dwelling Lease, dated and signed on October 21, 2010, embodied in part by a judgment entered by the District Court of Prince George's County, Maryland, in the sum of $9,964.92 and costs of $63.00, is excepted from the Debtors' discharge by virtue of 11 U.S.C. § 523(a)(2)(B) that provides relief for creditors who extend credit on the basis of written financial statements that are later determined to be fraudulent.

The original complaint was filed in proper person by the Plaintiff.  The Defendants filed an answer through counsel that admitted the existence of the debt, that they lacked specific information to form an opinion as the amount of debt owed and that the debt to the Plaintiff is an unsecured, non-priority debt and as such is fully dischargeable.  The court held a pre-trial hearing on May 9, 2013, and issued a Scheduling Order setting trial in October.  The Plaintiff thereupon hired counsel, whose motion to amend the complaint was granted.  To facilitate trial, the court set a status conference on September 18, 2013.  At that time, as stated above, the court directed the Defendants to file an answer to the amended complaint within 21 days, failing which the court would decide the case based upon the pleadings.  The Defendants never filed a response to the amended complaint.  Their previous answer filed by counsel cannot serve as an answer, because it does not address in the slightest way the specific allegations made in this case or for that matter in any case similar to this.[1]  The Defendants are in default.

Section 523(a)(2)(B) provides:

> **§ 523. Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>>
>>> (B) use of a statement in writing--
>>>
>>>> (i) that is materially false;
>>>>
>>>> (ii) respecting the debtor's or an insider's financial condition;
>>>>
>>>> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>>>>
>>>> (iv) that the debtor caused to be made or published with intent to deceive[.]

To successfully bar a discharge, a creditor must establish all four elements of 11 U.S.C. § 523(a)(2)(B) (*see Citizens Bank of Maryland v. Broyles (Matter of Broyles)*, 55 F.3d 980, 983 (CA4 1995)) and each of the elements must be proved by a preponderance of the evidence.  *See*

---

[1] The Defendants' attorney filed a motion to withdraw his appearance on September 10, 2013, that was denied without prejudice.  A renewed motion filed October 10, 2013, was granted by an order entered October 11, 2013.

*Grogan v. Garner*, 498 U.S. 279, 291 (1991).[2]

As to the first element, the use of a statement in writing that is materially false, the Defendants did not dispute that they made several false allegations in the Rental Applications, signed on October 18, 2010.  "To be materially false under 11 U.S.C. § 523(a)(2)(B), 'a false statement must be objectively material, meaning that it must misrepresent information of the type that normally affects the particular type of decision at issue.'"  *Colombo Bank, F.S.B v. Sharp*, 477 B.R. 613, 623 (D. Md. 2008), *affirmed*, *In re Sharp*, 340 Fed.Appx. 899 (CA4 2009) (*quoting* LAWRENCE P. KING, 4 COLLIER ON BANKRUPTCY ¶ 523.08 [2][b] (15th ed. 1996).  *See also Bethpage Fed. Credit Union v. Furio (In re Furio)*, 77 F.3d 622, 625 (CA2 1996).

The Defendants' financial condition was reflected in the Rental Applications.  Marc Edward Lucas's Rental Application set forth gross annual income totaling $44,500.00; assets of $600.00 in a checking account; and liability for an auto loan in the total amount of $7,000.00.  Donnie Alecia Lucas' Rental Application set forth gross annual income totaling $43,000.00; assets of $1,100.00 in a checking, savings and credit union accounts; and no liabilities.

There is no dispute that the Plaintiff reasonably relied upon the representations made in

---

[2]  The common law elements of fraudulent misrepresentation (as to 11 U.S.C. § 523(a)(2)(A) include:  (1) a representation; (2) that the debtor knew was false; (3) that he made with the intention of deceiving the creditor; (4) that the creditor justifiably relied on; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the false representation.  *Colombo Bank, F.S.B v. Sharp*, 477 B.R. 613 (D. Md. 2008), *affirmed*, *In re Sharp*, 340 Fed.Appx. 899 (CA4 2009).  As to the causation element, *see In re Adams*, 312 B.R. 576, 587 n. 1 (BC M.D.N.C. 2004):

> Courts are split on whether a § 523(a)(2)(B) analysis contains a causation element. *See In re Davis*, 262 B.R. 673, 682 (Bankr. E.D. Va. 2001). Some courts have likened a claim under § 523(a)(2)(B) to a common law fraud claim and held that in order to recover, a plaintiff must show that their damages were proximately caused by the false financial information. *See In re Siriani*, 967 F.2d 302, 306 (9th Cir.1992); *In re Johnson*, 242 B.R. 283, 292 (Bankr. E.D. Pa.1999); *In re Hall*, 109 B.R. 149, 153 (Bankr. W.D. Pa.1990); *In re Compton*, 97 B.R. at 976-77 (Bankr. N.D. Ind.1989); *In re Anzman*, 73 B.R. 156, 163 (Bankr. D. Colo.1986); *Brewer*, 66 B.R. at 218-19; *In re Long*, 44 B.R. 300, 309-10 (Bankr. D. Minn.1983). However, the weight of appellate authority would suggest that a plaintiff need not show their damages were proximately caused by the defendant's presentation of false financial information as § 523(a)(2)(B) does not include such a requirement, and one should not be read into the section. *See In re Campbell*, 159 F.3d 963, 966 (6th Cir.1998); *In re McFarland*, 84 F.3d 943, 947 (7th Cir.1996), *cert denied*, 519 U.S. 931, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996); *In re Norris*, 70 F.3d 27, 29 n. 6 (5th Cir. 1995); *In re Goodrich*, 999 F.2d 22, 25 (1st Cir.1993); *Davis*, 262 B.R. at 682; *In re Priestley*, 201 B.R. 875, 885 (Bankr. D. Del.1996).

the Rental Applications in entering into the Lease and that as a result of the false representations he sustained damage. *See Colombo Bank, F.S.B v. Sharp*, 477 B.R. at 624; *Guar. Residential Lending, Inc. v. Koep (In re Koep)*, 334 B.R. 364, 373 (BC D. Md. 2005; *Citizens Bank of Maryland v. Broyles (Matter of Broyles)*, 55 F.3d at 983; *In re Rotman*, 133 B.R. 843, 844 (S.D. Tex. 1991); *The Cadle Co., Inc. v. Spilotros (In re Spilotros)*, 117 B.R. 691, 692-93 (M.D. Fla.1990); *In re Bush*, 696 F.2d 640, 644 n. 4 (CA8 1983).

Lastly, the Defendants did not dispute that they made false representations in the Rental Applications and that the Rental Applications were made with the intent to deceive the Plaintiff. This is abundantly clear when comparing the liabilities reflected in the Rental Applications against the Schedules filed in the Defendants' bankruptcy case. Amended Schedule E, filed on November 30, 2012, reflects unsecured priority tax debt for tax periods 2006 through 2011 totaling $23,394.11.[3] Amended Schedule F, also filed on November 30, 2012, reflects total unsecured debt of $82,453.56. Debt incurred prior to or at the same time the Rental Applications were executed include: Afni, Inc. ($762.00; $598.00); AmerAssist A/R Solutions ($566.00); Berks Credit & Collections ($3,486.00); Global Credit ($190.00; $67.00; $35.00; $35.00; $35.00; $25.00; $25.00; $25.00$25.00; $25.00); Regional Acceptance Co. ($9,140.00; unknown); RJM Acquisitions LLC ($111.00); United Collect Bur Inc. ($25.00); United Consumers ($788.00; $486.00; $385.00; $288.00; $227.00; $222.00; $216.00; $214.00; $196.00; $195.00; $184.00; $183.00; $179.00; $178.00; $173.00; $172.00; $171.00; $167.00; $160.00; $160.00; $159.00; $159.00; $147.00; $127.00; $125.00; $123.00; $118.00; $114.00; $111.00; $108.00; $103.00; $100.00; $100.00; $100.00; $100.00); Verizon ($269.00); and Wells Fargo Home Mortgage (1999 to 2004 in an unknown amount). The dates the claims were incurred for many of the scheduled creditors were not scheduled. The Plaintiff's claim was scheduled in the amount of $10,227.60.

Inasmuch as the Plaintiff sustained his burden of proof by a preponderance of evidence under 11 U.S.C. § 523(a)(2)(B), judgment will be entered in favor of the Plaintiff.

cc:     Vernon O. Williams

---

[3] As the federal tax liability was lumped together for 2006 through 2011, the court cannot discern the total liability owed at the time the Rental Applications were made. There also appears priority debt owed to the State of Maryland for lapsed auto insurance in the amount of $3,604.30. The date this debt was incurred was not scheduled.

P.O. Box 36
Accokeek, MD 20607

Bud Stephen Tayman
6301 Ivy Lane
Suite 140
Greenbelt, MD 20770

Marc Edward Lucas
1904 Valley View Drive
Fort Washington, MD 20744

Donnie Alecia Lucas
1904 Valley View Drive
Fort Washington, MD 20744

**End of Memorandum of Decision**